UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS

Plaintiff,

v.

KEVIN DALY, et al.,

Defendants.

No. 2:12-cv-02845 LKK JFM (PC)

ORDER

The magistrate judge previously found, and the court affirmed, that plaintiff could not proceed in forma pauperis herein because he had three "strikes" under 28 U.S.C. § 1915(g), and appeared not to be under imminent danger of serious physical injury. (ECF Nos. 6, 10.) Both the magistrate judge and the court reached this conclusions largely on the basis of Morris v. Woodford, No. 3:07-cv-4198, 2008 WL 906560, 2008 U.S. Dist. LEXIS 119920 (N.D. Cal. Apr. 2, 2008). In Woodford, Judge Jenkins determined that all three of the following were "strikes" under the Prison Litigation Reform Act of 1995, and accordingly, denied plaintiff leave to proceed in forma pauperis:

1. Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D. Cal. May 3, 2002), which was dismissed for failure to state a cognizable claim for relief.

  2.  Morris v. Silvers, No. C 98-1381 BTM (LAB) (S.D. Cal. Sep. 15, 1998), which was dismissed on Younger abstention and ripeness grounds.

  3.  Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000), which was dismissed because the order challenged was not final or appealable.

2008 WL 906560 at *1-2, 2008 U.S. Dist. LEXIS 119920 at *4-6.

Under the Prison Litigation Reform Act of 1995, a prisoner may not proceed in forma pauperis "if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

While there is no question that the first dismissal above is a "strike," subsequent Ninth Circuit opinions cast doubt on whether the latter two should be so considered.

In 2011, the Ninth Circuit held that dismissal for lack of subject matter jurisdiction is not a strike. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011) ("[W]e conclude that Congress intended for the three-strikes rule to count 12(b)(6) dismissals but not 12(b)(1) dismissals"). As the doctrines of abstention and ripeness both implicate federal courts' subject matter jurisdiction to hear cases, it appears that Morris v. Silvers should not count as a "strike."

In 2011, the Ninth Circuit also held that dismissal of an appeal "must be final before it counts as a 'strike' for § 1915(g) purposes." Silva v. Di Vittorio, 658 F.3d 1090, 1099 (9th Cir. 2011). A dismissal for bringing a premature appeal is not final, and therefore, Morris v. Lushia should also not count as a "strike."

In his request for reconsideration (ECF No. 11), plaintiff correctly points out that the Northern District of California apparently no longer considers him to have "struck out," as he has

been granted leave to proceed in forma pauperis in the following cases: Morris v. Evans, No. 4:10-4010 YGR (N.D. Cal.) and Morris v. Peterson, No. 3:12-2480 WHO (N.D. Cal.).

In sum, having reevaluated Morris v. Woodford, *supra*, in light of subsequent Ninth Circuit precedent, the court determines that it erred in finding that plaintiff had "struck out" under 28 U.S.C. § 1915(g).

Accordingly, the court hereby orders as follows:

[1] Previous orders in this matter (ECF Nos. 6, 10) denying plaintiff leave to proceed in forma pauperis are REVERSED.

[2] The magistrate judge is REQUESTED to reconsider plaintiff's earlier motion to proceed in forma pauperis (ECF No. 2) in light of the foregoing.

IT IS SO ORDERED.

DATED: July 2, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT