UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:12-cv-02845 LKK JFM (PC) |
| Plaintiff, | |
| v. | ORDER |
| DALEY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's amended complaint is now before the court.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

2  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

3  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4  Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his first amended complaint, plaintiff alleges as follows:

> Ever since 2009; appeals coordinators Kevin Daly, Bryan Donahoo and Pereira have imposed atypical and significant hardship on this plaintiff and others by insisting plaintiff file a CDCR-22 request form prior to filing a staff complaint or a staff grievance. However, the instructions posted in the law library on the use of the CDCR-22 clearly states "do not use form 22 for staff complaints and other issues.["] The PLRA says plaintiff must exhaust all administrative remedies prior to seeking relief from the federal courts. The hurdles imposed on plaintiff by appeals coordinators Kevin Daly, Bryan Donahoo and Pereira are intended to prevent the exhaustion of administrative remedies and meeting the criteria of the California Department of Corrections and Rehabilitation regulations for address [sic] staff misconduct and other staff related problems. These atypical obstacles give rise to a liberty interest protected by the Due Process Clause of the federal constitution.
>
> This devise have [sic] been use [sic] by Pereira more than seven times afterwards he cancels the complaint for violation of time restraints. The devise have [sic] been used by both Kevin Daly and Bryan Donahoo more than five (5) times respectively.

ECF No. 16 at 4-5. Plaintiff also requests that the court appoint him counsel. Id. at 4.

/////

/////

2

1 As explained in this court's prior order dismissing plaintiff's original complaint,

> prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640; see also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995).

ECF No. 13 at 3. To the extent plaintiff seeks to allege the grievance process poses an "atypical and significant hardship" upon him, ECF No. 16 at 4, plaintiff is informed of the following principles that may apply to this action. While "[t]here is no single standard for determining whether a prison hardship is atypical and significant," the Ninth Circuit has provided factors that should be considered in each case:

> 1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

Ramirez, 334 F.3d at 861 (citing Sandin, 515 U.S. at 486-87; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)) (quotations omitted); see also Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010) (fifteen day administrative segregation "did not constitute atypical and significant hardship in relation to the ordinary incidents of prison life"); Wilkinson v. Austin, 545 U.S. 209, 222-24 (2005) (applying Sandin to determine whether inmates have a liberty interest in avoiding placement in a "supermax" prison); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007) (placement at higher security level facility than an inmate's classification did not present an atypical and significant hardship because there was no showing that the conditions differed

1  significantly from those imposed upon inmates in administrative segregation or that the
2  classification will invariably affect the duration of the inmate's sentence).  Thus, a prisoner can
3  show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he
4  alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation
5  to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484 (citations omitted).

6        The court finds the allegations in plaintiff's amended complaint so vague and conclusory
7  that it is unable to determine whether the current action is frivolous or fails to state a claim for
8  relief.  The court has determined that the amended complaint does not contain a short and plain
9  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
10  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
11  succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
12  allege with at least some degree of particularity overt acts which defendants engaged in that
13  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.
14  R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court will, however, grant
15  leave to file a second amended complaint.

16        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how
17  the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or
18  statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended
19  complaint must allege in specific terms how each named defendant is involved.  There can be no
20  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
21  defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.
22  Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
23  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights
24  violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
26  make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
27  complaint be complete in itself without reference to any prior pleading.  This is because, as a
28  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

With regard to plaintiff's request for the appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. Plaintiff's request for the appointment of counsel (ECF No. 16) is denied.

DATED: October 28, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

morr2845.14amd.new

5