UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:12-cv-2845 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| DALY, et al., | |
| Defendants. | |

Plaintiff is a prisoner at California State Prison Sacramento (CSP-SAC), who proceeds pro se and in forma pauperis with this civil rights action against defendants Daly, Donahoo and Prereira, all CSP-SAC Appeals Coordinators. Plaintiff claims that defendants retaliated against him for filing administrative grievances and initiating litigation in violation of the First Amendment. Defendants filed a motion for summary judgment on April 6, 2015. ECF No. 32. Because plaintiff had "several lawsuits pending . . . and [was] being overwhelmed with paperwork," ECF No. 36 at 1-2, he requested a 120-day extension of time within which to file his opposition to the motion. The court authorized an extension of 60 days after service of the court's order, ECF No. 37, rendering plaintiff's opposition due on or before June 29, 2015, by application of the mailbox rule.[1]

---

[1] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner (continued…)

1

Presently pending is plaintiff's second request for appointment of counsel. See ECF Nos. 16, 17. Plaintiff avers, among other things, that he is "absolutely lost" in this litigation, ECF No. 38 at 9, due to his physical limitations (including cervical spondylosis) and associated pain; his mental disabilities (including schizoaffective disorder and depression); and the side effects of his pain and psychotropic medications. Plaintiff states that he is indigent and unlearned in the law, and has previously relied on other inmates to prepare his court filings. Plaintiff has submitted an affidavit from another prisoner who states that he has assisted plaintiff with his civil court proceedings since 2013, but is no longer available because he is now tutoring GED students and will soon be transferred to another institution. See ECF No. 38 at 11-2.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); see also Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). The burden of demonstrating exceptional circumstances is on the plaintiff. Palmer, 560 F.3d at 970. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances.

Several factors militate against appointment of counsel in this case. Plaintiff's indigence and lack of legal training are circumstances common to most prisoners. Also, many prisoners struggle with physical and mental disabilities and the side effects to medications. Significantly,

---

signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

plaintiff is a frequent litigator in this court; he has filed more than a dozen cases since 2010, and currently has six open cases.[2] Plaintiff's numerous filings reduce the relative significance of each case in the request for counsel context; the court cannot feasibly appoint counsel in each of plaintiff's cases.

Additionally, the legal issues in this action are not particularly complex, and plaintiff is well positioned to articulate his factual arguments pro se. The pending motion for summary judgment examines twenty of plaintiff's administrative appeals which were reviewed by one or more of the defendants. See ECF No. 32-2 at 2. Defendants contend that their challenged conduct was not retaliatory but that they properly screened out or canceled each appeal according to applicable rules and regulations, and that plaintiff failed to respond with a properly submitted and corrected appeal. Any opposition to defendants' motion must rebut defendants' specific factual allegations concerning each appeal. This task is more appropriately retained by plaintiff, who submitted each appeal, than by appointed legal counsel. Moreover, because prisoners are not entitled to prison grievance procedures as a matter of course, a claim that prison officials failed to properly process or resolve a particular grievance is generally not cognizable,[3] indicating that plaintiff may not be able to succeed on the merits of his claims. Because only a limited number of lawyers are available for voluntary appointment, their assignments must be limited to cases which turn on complex legal issues and demonstrate a likelihood of success on the merits.

For these several reasons, the court finds that plaintiff has not met his burden of demonstrating exceptional circumstances warranting appointment of counsel in the instant case at the present time. However, in light of the court's decision, plaintiff will be accorded additional time to file an opposition to the pending motion for summary judgment.

---

[2] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[3] See e.g. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 38, is denied without prejudice; and

2. Plaintiff shall file and serve his opposition to the pending motion for summary judgment on or before July 15, 2015; defendants' reply, if any, shall be filed and served within 14 days thereafter.

SO ORDERED.

DATED: June 19, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE